IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| VICTORIA KORDA,<br><br>Plaintiff,<br><br>v.<br><br>OAHU POLICE CORRECTIONAL, *Police Officer*, et al.,<br><br>Defendants. | Case No. 23-cv-00326-DKW-KJM<br><br>**ORDER (1) GRANTING APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS, (2) DISMISSING COMPLAINT WITH LEAVE TO AMEND, (3) DENYING MOTION TO SEAL ADDRESS AND TELEPHONE NUMBER, (4) DENYING MOTION TO CONTINUE, AND (5) DENYING RECOMMENDATION TO RE-ASSIGN MAGISTRATE JUDGE**[1] |

Plaintiff Victoria Korda, proceeding without counsel, moves for leave to proceed without prepayment of fees or costs in this case brought against Defendants "Oahu Police Correctional", "Hawaii State Hospital", "U.S. Post Office", and "Circuit Court" ("IFP Application"). Dkt. No. 14.[2]

## I.     IFP Application

Federal courts can authorize the commencement of any suit without prepayment of fees or security by a person who submits an affidavit that

---

[1] Pursuant to Local Rule 7.1(c), the Court finds these matters suitable for disposition without a hearing.
[2] On August 8, 2023, the Court denied without prejudice Korda's initial attempt to move for leave to proceed without prepaying fees or costs. Dkt. No. 7.

demonstrates an inability to pay.  *See* 28 U.S.C. § 1915(a)(1).  While Section 1915(a) does not require a litigant to demonstrate absolute destitution, *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948), the applicant must nonetheless show that she is "unable to pay such fees or give security therefor," 28 U.S.C. § 1915(a).

In the IFP Application, Korda states that her only income is $1,000 per month in disability and $300 in public assistance payments.  Dkt. No. 14 at 2.  She further states that she has $2,000 in a bank account and owns a 2005 Mustang valued at $4,000.  *Id*. at 2-3.  She also states that she has roughly $3,750 in monthly expenses, including food, clothing, and medical expenses.  *Id*. at 4.  In light of these figures, Korda's income falls below the poverty threshold identified by the Department of Health and Human Services' ("HHS") 2023 Poverty Guidelines.  *See* HHS Poverty Guidelines, available at: https://aspe.hhs.gov/poverty-guidelines.  In addition, Korda has insufficient assets to provide security while still affording the necessities of life.  *See Escobedo v. Applebees*, 787 F.3d 1226, 1234-36 (9th Cir. 2015).  As a result, the Court GRANTS the IFP Application, Dkt. No. 14.

\\

\\

## II.  Screening

The Court subjects each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and can order the dismissal of any claims it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In addition, the Court liberally construes a pro se complaint. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987). However, the Court cannot act as counsel for a pro se litigant, such as by supplying the essential elements of a claim. *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

Here, in the "Statement of Claim" section of the form Complaint, Korda alleges that she is "being held hostage confirmed for the State of Hawaii, cases are overlapping, due to punishment, disability medical in[ter]ference, prosecuting attorney refusal to press charges[,] other problems[.]" Dkt. No. 1 at 5. Later, in the "Relief" section of the Complaint, Korda alleges the following: "Assault, theft, kidnapping, HIPPA violation, threat[en]ing, interference prolongment trafficking rights violation 1000000000 attempted murder neglect ect [*sic*] stolen property protective orders Adhd[.]" *Id*. at 6.

In this light, the Complaint must be dismissed because, however liberally construed, Korda has not come close to stating even a coherent claim for relief, let alone a plausible one, as required. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.") (quotation omitted). Instead, Korda simply uses conclusory terms, such as "assault", "kidnapping", and "rights violation" to describe her claims. This she may not do. *See id*. (explaining that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, the only meaningful factual allegation in the Complaint−that Korda is "being held hostage"−fails to allege *who* is holding her hostage, since *when* she has been held hostage, and *how* she is being held hostage. It is, moreover, not plausible in that Korda has apparently been able to access this Court to complain of her claimed predicament.

Put simply, the Complaint is unclear or implausible on all relevant matters: the claims, legal authority, relief, and pertinent facts. Therefore, the Complaint is DISMISSED. Nonetheless, if Korda so chooses, she may file an amended complaint. *See Lucas v. Dep't of Corr*., 66 F.3d 245, 248 (9th Cir. 1995)

(explaining that "a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action.").

More specifically, should Korda choose to file an amended complaint, she must write short, plain statements telling the Court: (1) the specific basis of this Court's jurisdiction; (2) the constitutional, statutory, or legal right(s) she believes were violated; (3) the name of the defendant(s) who violated those right(s); (4) exactly what each defendant did or failed to do; (5) when each defendant acted or failed to act; (6) how the action or inaction of that defendant is connected to the violation of Plaintiff's right(s); and (7) what specific injury she suffered because of a defendant's conduct. If Korda fails to affirmatively link the conduct of a defendant with a specific injury she suffered, the relevant allegations will be dismissed for failure to state a claim.

### III.  Other Motions

On August 8, 2023, Korda filed a (1) motion to seal address and telephone number, and (2) motion to continue. Dkt. Nos. 9-10. With respect to the first motion, Korda states that there was an "address discrepancy in other court[,]" which is the only apparent basis for the request to seal her address. *See* Dkt. No. 9 at 1. This, however, provides no reason for doing so and, therefore, the request is DENIED. As for Korda's telephone number, the Court is not aware that Korda's

telephone number has been made available to the Court. In any event, Korda again provides no reason to seal the same and, therefore, this request is also DENIED.

With respect to the second motion, Korda provides no reason, poor or otherwise, for continuing this case or any other matter. Instead, she simply states "Ex parte motion: motion to continue." Dkt. No. 10 at 1. Therefore, this request is also DENIED.

Finally, on August 10, 2023, Korda filed a "Recommendation" to assign Judge Michael Seabright as the Magistrate Judge for this case. Even if the Court were inclined to re-assign the U.S. Magistrate Judge for this case, which the Court is not, it would not be possible to assign Judge Seabright to that role because Judge Seabright is not a Magistrate Judge. Therefore, this recommendation is DENIED. In the "Recommendation", Korda also recommends "approval of injunctions", "more time to serve", and not "amend[ing]" her complaint. These requests are entirely unexplained and/or premature, and they are DENIED on that basis. To the extent there are any other recommendations or requests in this filing, they too are DENIED.

## IV. Conclusion

Korda may have until **August 31, 2023** to file an amended complaint. **The**

**Court cautions Plaintiff that failure to file an amended complaint, consistent with the guidance in this order, by August 31, 2023 will result in the automatic dismissal of this action without prejudice.**

The Clerk of Court is DIRECTED to serve Plaintiff a copy of form "Pro Se 1" "Complaint for a Civil Case."

IT IS SO ORDERED.

Dated: August 14, 2023 at Honolulu, Hawaiʻi.



Derrick K. Watson
Chief United States District Judge