IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| VICTORIA KORDA,<br><br>　　　Plaintiff,<br><br>　　v.<br><br>OAHU POLICE CORRECTIONAL, *Police Officer*, *et al.*,<br><br>　　　Defendants. | Case No. 23-cv-00326-DKW-KJM<br><br>**ORDER (1) DISMISSING AMENDED COMPLAINT WITHOUT LEAVE TO AMEND, (2) DENYING RECOMMENDATION TO ADOPT "U.S. CODE 704.24", (3) DENYING PROPOSED ORDER OF RECUSAL, AND (4) DENYING MOTION FOR CONTINUANCE**[1] |

On August 14, 2023, the Court granted Plaintiff Victoria Korda leave to proceed without prepayment of fees or costs, but dismissed with leave to amend her Complaint against Defendants "Oahu Police Correctional", "Hawaii State Hospital", "U.S. Post Office", and "Circuit Court" because it was incoherent and implausible.  Dkt. No. 16.

Two days later, on August 16, 2023, Korda filed another complaint in this action, this time only clearly naming the State of Hawai'i as a defendant.  Dkt. No. 23.[2]  Given the procedural posture of this case, the Court construes this filing

---

[1] Pursuant to Local Rule 7.1(c), the Court finds these matters suitable for disposition without a hearing.

[2] Specifically, Korda names "State of Hawaii et al." as a defendant.  Dkt. No. 23 at 1.  Korda fails, however, to clearly identify to whom "et al." refers, and, given the continued incoherence of the allegations in the amended complaint, the Court will not guess.

as Korda's attempt to amend her original complaint (which the Court will refer to as the "FAC" herein), as permitted by the August 14, 2023 Order.[3]

## I. Screening

The Court subjects each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and can order the dismissal of any claims it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In addition, the Court liberally construes a pro se complaint. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987). However, the Court cannot act as counsel for a pro se litigant, such as by supplying the essential elements of a claim. *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

Further, in relevant part, Federal Rule of Civil Procedure Rule 8(a) provides that "[a] pleading that states a claim for relief must contain…a short and plain statement of the claim showing that the pleader is entitled to relief…."

---

[3] The Court notes that, on August 21, 2023, Korda filed another amended complaint in this case. Dkt. No. 26. First, Korda was not permitted leave to file yet another amended complaint. Second, the pleading is equally incomprehensible as the prior complaints in this action. Therefore, nothing therein changes the Court's analysis or decision herein.

Fed.R.Civ.P. 8(a)(2). In addition, Rule 8(d) provides that "[e]ach allegation must be simple, concise, and direct." Fed.R.Civ.P. 8(d)(1).

Here, however liberally construed, and consistent with the original complaint before it, the FAC does not come close to providing a short and plain statement of Korda's claims or simple, concise, and direct allegations. Instead, it is a 12-page morass of incoherent, unclear, and seemingly unconnected events that have allegedly occurred involving Korda and potentially other individuals. At best, in the FAC, Korda may be attempting to challenge conduct related to her possible arrest and events occurring subsequent to the arrest. It is, however, impossible to know from reading the FAC, even though this is meant to be one of the purposes of a complaint: to put a defendant on notice of the claims against him or her. The FAC fails abjectly at this goal.

The above-mentioned problem with the FAC is a general one. More specific problems, to name one or two, are as follows.[4] First, Korda cannot sue the *State* of Hawaiʻi in this Court because the State enjoys sovereign immunity under the Eleventh Amendment, and Korda has not identified any federal statute overriding that immunity nor how the State has potentially waived immunity. *See*

---

[4]To be clear, the failure to discuss any other problems with the FAC is not meant to suggest that other problems do not exist. However, in light of the overarching failure of the FAC to present any coherent picture of Korda's claims, the Court only addresses a couple of the most glaring concerns.

3

*Edelman v. Jordan*, 415 U.S. 651, 663 (1974) (explaining that "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State."); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989) (involving a suit under 42 U.S.C. Section 1983).[5]

Second, although, as mentioned, it is not clear what if any other defendants Korda intended to name in the FAC, therein, at least four judges, both federal and state judges, are mentioned within the allegations. *See, e.g.*, Dkt. No. 23 at 2, 4. To the extent Korda seeks to assert claims against state or federal judges, judges are "generally immune from liability in a civil action for damages unless the claim pertains to a non-judicial act or the judge has acted in the clear absence of all jurisdiction[.]" *Nordin v. Scott*, 2023 WL 4418595, at *1 (9th Cir. July 10, 2023) (citing *Moore v. Brewster*, 96 F.3d 1240, 1243-44 (9th Cir. 1996), *superseded by statute on other grounds*).

In summary, the August 14, 2023 Order required Korda to provide clarity and coherence to her claims. The FAC fails entirely in that endeavor. Therefore, it is DISMISSED. Moreover, because Korda was provided with an opportunity to amend her complaint to state clear claims for relief, and she failed to do so, dismissal is WITHOUT LEAVE TO AMEND. *See* Dkt. No. 16 at 6-7 (cautioning

---

[5] The Court adds that the August 14, 2023 Order did not grant Korda leave to *add* a defendant such as the State of Hawaiʻi to this action.

4

Korda that failure to file an amended complaint consistent with the guidance in the August 14, 2023 Order would result in the automatic dismissal of this action).

## II.  Other Motions

Since August 14, 2023, Korda has again filed documents that, arguably, can be construed as seeking relief from this Court via motion. First, Korda filed a document, titled a "Recommendation", to adopt a provision of the U.S. Code. Dkt. No. 17. Korda, however, does not state the Title of the provision, merely referring to it as "U.S. Code 704.24[.]" *Id*. at 1. Because the Court is unaware of any such provision, this request is DENIED.

Second, Korda filed a document that appears to ask this Court to enter an order of recusal against three State court judges. This Court, of course, is unaware of any legal authority to do so. The only federal law to which Korda clearly cites, 28 U.S.C. § 455, *see* Dkt. No. 22 at 1,[6] does not apply because it concerns the disqualification of *federal* judges, *see* 28 U.S.C. § 455(a). Therefore, this request is DENIED.

Third, Korda filed a motion that appears to request a two-week continuance of this action "due to medical interfearance [*sic*][.]" Dkt. No. 28 at 2. Korda, however, does not identify any deadline or part of this case that she wishes to be

---

[6]Korda also references other purported provisions of the U.S. Code, but again fails to provide the Title of the provisions. Dkt. No. 22 at 1. Therefore, the Court does not mention them herein.

continued.  The only deadline that did exist was the one to file an amended complaint by August 31, 2023.  Korda, though, has filed not one, but two amended complaints before the expiration of that deadline.  Therefore, this request is DENIED.

### III. Conclusion

For the reasons set forth herein, this case is DISMISSED, and the Clerk is instructed to CLOSE the case.

IT IS SO ORDERED.

Dated: August 23, 2023 at Honolulu, Hawai'i.

Derrick K. Watson
Chief United States District Judge